UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THYLER COOKS,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Respondent. | Case No.: 14-cr-2060-L<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO VACATE, SET ASIDE, or CORRECT SENTENCE UNDER 28 U.S.C. 2255, and**<br><br>**(2) DENYING CERTIFICATE OF APPEALABILITY** |

　　　　Petitioner, Thyler Cooks ("Petitioner") filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Respondent filed a Response and Opposition to the Motion. The Court has reviewed the record, the submissions of the parties, and the supporting exhibits. For the reasons set forth below, the Court **DENIES** Petitioner's Motion without prejudice.

//

1

## I. FACTUAL BACKGROUND

In March 2013, Petitioner agreed with at least one other person to harbor and maintain a 16 year old minor female for the purpose of the young woman engaging in commercial sex acts in San Diego. Petitioner placed ads on backpage.com under the name "Tyler Kooks," advertising the sexual services of the juvenile and agreed with another person to rent a room at the Heritage Inn in La Mesa, California, on March 25, 2013 for the purposes of the minor engaging in commercial sex activity. The minor engaged in commercial sex activity for approximately one week. Petitioner was arrested on June 26, 2014.

## II. PROCEDURAL BACKGROUND

On July 22, 2014, Petitioner waived his right to prosecution by Indictment and consented to the filing of an Information. The two-count Information charged Petitioner with sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a) and (b), and conspiracy to commit sex trafficking of children, in violation of 18 U.S.C. 1549(c). Each count carried a statutory maximum of life in prison, however Count One had a ten-year mandatory minimum while Count Two did not have a mandatory minimum.

On October 30, 2014, Petitioner pled guilty to Count Two of the indictment pursuant to a plea agreement. Under the terms of the plea agreement, Petitioner agreed to waive any right to appeal or to collaterally attack his conviction and sentence, provided the court did not impose a custodial sentence greater than the high end of the guideline range recommended by the Government. *(*Plea Agreement, 12 [ECF NO. 30.]) In exchange, the Government agreed to dismiss Count One which carried a ten-year mandatory minimum, and recommended a base offense level of 30, with a 3-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1. *Id*. at 8-9. The parties agreed to Advisory Guideline enhancements including a plus 2 for use of a computer pursuant to § 2G1.3(b)(3), and plus 2 for commercial sex act under § 2G1.3(b)(4)(B). *Id*.

On December 8, 2014, Petitioner was sentenced by this Court to 108 months in the custody of the Bureau of Prisons, and five years' supervised release. [ECF NO. 65.]

I. **DISCUSSION**

Under 28 U.S.C. § 2255, a federal prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence" on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A prisoner seeking relief pursuant to section 2255 must allege a constitutional, jurisdictional, or otherwise "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962). Plea agreements are contractual in nature and the plain language of the agreement will generally be enforced if it is clear and unambiguous on its face. *United States v. Jeronimo*, 398 F. 3d 1149, 1153 (9th Cir. 2005) overruled on other grounds by *United States v. Castillo*, 496 F.3d 947, 957 (9th Cir.2007) (en banc). In contrast, the right to collaterally attack a sentence under § 2255 is statutory in nature, and a defendant may therefore waive the right to file a § 2255 petition. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993).

The scope of a § 2255 waiver, however, may be subject to potential limitations. For example, a waiver might be ineffective where the sentence imposed is not in accordance with the negotiated agreement, or if the sentence imposed violates the law. *United States v. Littlefield*, 105 F.3d 527, 528 (9th Cir. 1996). Additionally, a defendant's waiver will not bar an appeal if the trial court did not satisfy certain requirements under Rule 11 of the Federal Rules of Criminal Procedure to ensure that the waiver was knowingly and voluntarily made. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). Finally, a waiver may not "categorically foreclose" defendants

from bringing § 2255 proceedings involving ineffective assistance of counsel or involuntariness of waiver. *Pruitt*, 32 F.3d at 433; *Abarca*, 985 F.2d 1012, 1014.

Unless Petitioner can demonstrate that one of these limitations to the validity of the waiver are applicable, this Court lacks jurisdiction to consider his collateral challenge to his conviction and sentence. *See Washington v. Lampert*, 422 F.3d. 864, 871 (9th Cir. 2005) (recognizing that if sentencing agreement's waiver of the right to file a federal habeas petition under 28 U.S.C. § 2254 was valid, district court lacked jurisdiction to hear the case).

**A. Waiver**

The Government argues that Petitioner knowingly and voluntarily waived his right to collaterally challenge his sentence via a section 2255 Motion when he waived that right in his plea agreement. (Opposition at 6-7). By the terms of that agreement, the United States and Petitioner contemplated that he would not file any collateral attacks on his conviction and sentence if the United States abided by its promise to recommend a low-end sentence, which the Government did. (*Id*. at10). For this reason, the Government claims the Court should enforce Petitioner's waiver and dismiss the petition. (*Id*. at 11). The Court agrees, and finds none of the potential limitations to the validity of the waiver applicable in this case.

First, the Court imposed a sentence that was in accordance with the negotiated agreement and applicable sentencing guidelines. Petitioner's sentence of 108 months was based on a base offense level of 34 which included a plus 2 for computer use and a plus 2 for engaging in commercial sex acts. The base offense level was offset by a minus 3 for accepting responsibility, resulting in an adjusted base offense level of 31, as agreed upon by the parties. (Plea Agreement at 8-9 [ECF NO 30]; Tr. of Sentencing Hr'g. at 15.) In the plea agreement, the Government agreed to recommend that Petitioner be sentenced to the low end of the advisory guideline range. (Plea Agreement at 10.) Petitioner was in a criminal history category I, resulting in a guideline range of 108-135 months. The Court sentenced Petitioner to 108 months, the low-end of those guidelines.

Next, the transcript of the disposition hearing demonstrates that the requirements of Rule 11 were satisfied and that, despite Petitioner's contention otherwise, he entered the plea agreement knowingly and voluntarily. The court determines voluntariness by looking at the totality of the circumstances surrounding the signing and entry of the plea agreement. *Kaczynski*, 239 F.3d at 1114. In assessing the voluntariness of the plea, the court must accord great weight to statements made by the defendant contemporaneously with his plea. *Chizen v. Hunter*, 809 F.2d 560, 562 (9th Cir. 1986). The representations of the defendant, his lawyer, and the prosecutor, as well as the judge's findings in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* at 74; see also *Kaczynski*, 239 F.3d at 1115 ("We give 'substantial weight' to [petitioner's] in-court statements.") (quoting *United States v. Mims*, 928 F.2d 310, 313 (9th Cir. 1991)).

During the disposition hearing, the Court confirmed that Petitioner read and understood the terms of the agreement, that he understood the charges, maximum penalties, and the elements the government would have to prove if Petitioner went to trial. (Resp.'s Ex. B, Tr. of Disposition Hr'g. at 5-6.) The Court also explained that if the Court were to follow the agreement, Petitioner would waive his right to appeal and collaterally attack the sentence. (*Id.* at 8.) As evidenced by the following exchange, Petitioner indicated he entered the agreement voluntarily, free from coercion, duress, or promises extraneous to the Plea Agreement:

> THE COURT: Ladies and gentlemen[1], did anybody make any promises to you that are not contained in your plea agreement in order to get you to

---

[1]The change of plea hearing included multiple defendants for different cases, therefore, Magistrate Judge Stormes addressed the entire group, then asked each defendant if they understood and agreed to the terms of the individual plea agreements.

5

14-cr-2060-L

plead guilty?
THE COURT: Mr. Cooks?
DEFENDANT: No, Your Honor.
THE COURT: Did anybody threaten any of you in order to get you to plead guilty?
THE COURT: Mr. Cooks?
DEFENDANT: No, Your Honor.
THE COURT: I'm going to read the charge to each of you and ask you how you plead. Then I'm going to ask you some questions about the facts supporting the plea. I do need to caution you if you were to give a false answer to any question that I ask, you could later be prosecuted for making a false statement.
Do you each understand that?
THE COURT: Mr. Cooks?
DEFENDANT: Yes, Your Honor.
THE COURT: Mr. Cooks, you are charged in the information with a violation of Title 18, United States Code, Section 1594.
How do you plead to the charge, sir? Are you guilty or not guilty?
DEFENDANT: Guilty.

(*Id.* at 9-10).

Petitioner further acknowledged that he read the entire agreement, discussed it with his attorney and understood it:

THE COURT: Mr. Cooks, the initials TC appear on each page of your plea agreement. Those are you initials, sir?
THE DEFENDANT: Yes, Your honor.
THE COURT: Those initials signify that you read or had read to you this entire plea agreement, including the paragraph on waiver of appeal and collateral attack. Have you discussed this plea agreement thoroughly with your attorney and do you understand all of it?
THE DEFENDANT: Yes, Your Honor.

(*Id.* at 8).

As demonstrated above, Petitioner was advised of the terms of the plea agreement, and confirmed that he entered the plea of his own accord, with full knowledge of its benefits and burdens, confirming that his waiver was knowing and voluntary.

**B. Ineffective Assistance of Counsel**

Petitioner further attempts to attack the voluntariness of his waiver, and the validity of his guilty plea, by raising claims of ineffective assistance of counsel. Petitioner's

6

claims fail on their merits, rendering the waiver enforceable. *United States v. Keller*, 902 F.2d 1391, 1394 (9th Cir. 1990); *see Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985).

Petitioner claims that his attorney induced him to plead guilty by promising him that he would receive no more than 60 months' custody. (Mot. at 4). He further argues that counsel's errors impacted his sentence because his attorney (1) failed to properly investigate all the facts of the case, specifically that he was not at least ten years older than the victim; (2) allowed the Court to misapply the Guidelines for his base level offense; and (3) failed to argue for the safety valve departure. (*Id*. at 5, 7, 8).

To prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Jeronimo*, 398 F.3d at 1155. The limitation against waivers is applicable to claims "based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain." *Pruitt*, 32 F.3d at 433. In the context of guilty pleas, to satisfy the "prejudice" requirement "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. Defense counsel's conduct is presumed to be reasonable. *Strickland*, 466 U.S. at 689.

**1. Guilty plea**

Petitioner makes a cursory claim that the only reason he pled guilty was because his attorney promised him he would serve less than 60 months custody. However, even if counsel made such promises, Petitioner fails to show that he was prejudiced by such representations. *Hill*, 474 U.S. at 59.

Petitioner was clearly advised in both the plea agreement and the Rule 11 colloquy before pleading guilty that the Court was not bound by any promises or predictions made by his attorney regarding sentencing. Section IX of the plea agreement, states "Defendant understands that the sentencing judge may impose the maximum sentence provided by

statute, and is also aware that any estimate of the probable sentence by defense counsel is a *prediction, not a promise*, and is not binding on the Court." (Plea Agreement at 8)(emphasis added). The Court asked Petitioner during the plea colloquy if he understood that he was waiving his rights to trial, appeal and collateral attack and that the judge could impose the maximum prison term even if the guidelines advised something else, to which he stated that he understood. (Resp. Ex B at 24). Petitioner did not ask for clarification of these terms, even when asked by the Court if he had any questions about the plea agreement. (Resp.'s Ex. B, Tr. of Disposition Hr'g. at 8.) Petitioner cannot demonstrate he was prejudiced by his attorney's alleged promises of a lenient sentence because he was fully advised that any such promises would not affect the Court's sentencing determination, therefore, the Court **DENIES** his claim.

   2. **Sentencing**

Petitioner claims that counsel failed to investigate the facts of the case, pointing to the fact that he "was not at least 10 years older then [sic] victim and did not compromise the voluntariness of the minor's behavior." (Mot. 5). It appears Petitioner is challenging a 2 level enhancement under United States Sentencing Guidelines § 2G1.3(b)(2)(B) and its application note, which hold that there is a rebuttable presumption that where the participant is ten years younger than the defendant he or she was unduly influenced to participate in the sex acts. See U.S.S.G. § 2G1.3(b)(2)(B). However, the Court did not apply this enhancement to Petitioner's sentence, despite the probation department's recommendation to do so. Instead, the Court followed the plea agreement terms, and only enhanced Petitioner's sentence with a plus 2 for computer use, and a plus 2 for commercial sex acts. (Sent. Tr. at 15). Even if counsel failed to investigate the enhancement, Petitioner was not prejudiced by that failure because the Court did not apply this enhancement. *Harrington v. Richter*, 562 U.S. 86, 104 (2011).

In his second claim of sentencing error, Petitioner argues that counsel allowed the Court to misapply the sentencing guidelines by using a base offense level that was applicable to the dismissed count. (Mot. 7). There is no indication that the Court used

8

the dismissed count as the foundation for the base offense level. The Court found that the base offense level was 30, noting that it was abiding by the plea agreement. (Sent. Tr. at 15). There were no grounds for counsel to argue that a different base level applied than agreed upon in the plea agreement, and as a result, Petitioner fails to demonstrate that his attorney's representation was deficient. *Strickland*, 466 U.S. at 694.

Finally, Petitioner claims that counsel should have argued for the safety valve downward adjustment and his failure to do so constitutes deficient performance. (Mot. 8). However, the plain language of the safety valve provision detailed in U.S.S.G. § 5C1.2 precludes him from relief. Section 5C1.2 applies only to offenses under 21 U.S.C. §§ 841, 844, 846, 960 or 963, but Petitioner was charged with a violation of 18 U.S.C. § 1594. U.S.S.G. § 5C1.2. In light of the fact that the safety valve provision was inapplicable to Petitioner's charged offense, counsel did not render deficient performance for failing to seek this adjustment. *Harrington*, 562 U.S. at 111.

Defendant fails to successfully challenge his counsel's performance, therefore, his claims of ineffective assistance of counsel are meritless, and his waiver is enforceable, and the Court **DENIES** his claim.

A. CERTIFICATE OF APPEALABILITY

A certificate of appealability is authorized "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, Petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner does not have to show "that he should prevail on the merits. He has already failed in that endeavor." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (internal quotation omitted).

Having reviewed the matter, the Court finds that Petitioner has not made a substantial showing that he was denied a constitutional right and the Court is not persuaded that jurists could disagree with the Court's resolution of his claims or that the

issues presented deserve encouragement to proceed further. Therefore, a certificate of appealability is **DENIED**.

II. **CONCLUSION**

For the foregoing reasons, Petitioner's Motion under section 2255 is **DENIED** without prejudice. Further, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED**

Dated: March 21, 2018

Hon. M. James Lorenz
United States District Judge