UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Criminal Case No. 14-cr-2060-L |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING REQUEST FOR JUDICIAL RECOMMENDATION PURSUANT TO SECOND CHANCE ACT** |
| THYLER COOKS, | |
| Defendant. | |

Defendant, proceeding *pro se*, has filed a motion pursuant to the Second Chance Act seeking judicial recommendation that he serve the last twelve months of his custodial sentence in an RRC. The Government filed a Response in Opposition on February 23, 2020. For the reasons outlined below, the Court **DENIES** the Motion.

On October 13, 2014, Defendant pled guilty to an information charging him with conspiracy to commit sex trafficking of children, in violation of 18 U.S.C. § 1594(c). According to the plea agreement, Defendant pled guilty to posting online advertisements which offered a sixteen-year old minor female for commercial sexual activity and renting a hotel room for the minor female to use in furtherance of the commission of the commercial sexual activity. (Plea at 4).

On April 6, 2015, this Court sentenced Defendant to 108 months in custody, followed by five years of supervised release. [ECF NO. ] Defendant now requests that

this Court make a judicial recommendation that his last twelve months of custody be spent in an RRC rather than in custody pursuant to the Second Chance Act.

In his Motion, Defendant claims that he will be homeless upon his release from custody, that the only residence he could return to is his mother's, but that his mother and grandmother encouraged his criminal behavior, therefore it is not a suitable environment for him as he re-enters society. (Mot. at 4). In addition, Defendant states he has very limited work history and needs additional vocational training, but the programs at FCI Lompoc have been very limited, therefore he argues he is in "dire need" of all the rehabilitation he can receive to make a successful transition. (*Id*.) In order to access vocational training programs prior to his RRC/halfway house placement, Defendant asks the Court to request a transfer to FCI Terminal Island where more programs are available. (*Id*. at 4-5).

In response, the Government argues that the Court should deny Defendant's motion for a post-sentencing recommendation because his offense directly caused the sexual exploitation of a minor. (Oppo. at 2). Although the Government acknowledges Defendant's expression of remorse for his criminal conduct, and efforts at rehabilitation while incarcerated, "these efforts are insufficient to warrant the requested recommendation, in light of the nature and circumstances of his offense. (*Id*.) Instead, the Government notes that the Court imposed a five-year term of supervised release following Defendant's custodial sentence, which can assist him with vocational training and housing, if he complies with the conditions of supervision. (*Id*.)

The Second Chance Act requires the Director of the Bureau of Prisons to "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility." 18 U.S.C. § 3624(c)(1). The Bureau of Prisons considers the following factors when making its discretionary decision:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence--
> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to Section 994(a)(2) of title 28.

18 U.S.C. 3621(b); see C.F.R. § 570.22 ("Inmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community. . .")

A Court may order the BOP to direct an individualized consideration of Defendant's request with regard to the statutory factors, but cannot order the BOP to make a designation. *See* 18 U.S.C. 3621(b); *United States v. Ceballos*, 671 F.3d 852, 855-56 (9th Cir. 2011).

Defendant urges the Court to issue a recommendation that he spend the last twelve months of his sentence in an RRC which would enable him to participate in vocational training, arguing that the Court's endorsement would carry significant weight. However, the cases which Defendant cites in support of such a recommendation concern significantly different underlying criminal convictions than his conviction for sex trafficking of children such as bank fraud and wire fraud, *United States v. Brattin*, 2016 WL 4467897 (9th Cir. 2016); possession of cocaine powder and distribution of 50 grams or more of cocaine base, *United States v. Ellis*, 2017 WL 4641489 (9th Cir. 2017), and felon in possession of a firearm, *United States v. Bartels*, 2016 WL 6956796 (6th Cir. 2016).

In light of the seriousness of Defendant's criminal conviction for sex trafficking of children in this case, the Court **DENIES** Defendant's request to issue a judicial recommendation that he serve the last twelve months of his sentence in

3

an RRC, and instead leaves it to the Bureau of Prisons to determine whether such a placement is appropriate. The Court further **DENIES** Defendant's Request to recommend placement at FCI Terminal Island as unauthorized under the Second Chance Act. All decisions regarding transfer and placement are within the discretion of the Bureau of Prisons.

**IT IS SO ORDERED.**

Dated: March 9, 2020

Hon. M. James Lorenz
United States District Judge